[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13365
Non-Argument Calendar

_____

Agency No. A035-362-605

GREGORY CLERMONT,
a.k.a. Leviathan Lewis,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 8, 2019)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Gregory Clermont seeks review of the Board of Immigration Appeals' (BIA) final order dismissing his appeal of an immigration judge's (IJ) denial of his motion to reopen his deportation proceedings.  He contends the 1995 Order to Show Cause (OSC) that initiated those proceedings was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), as it failed to specify the time and place of his hearing, and thus, he was statutorily authorized to move to reopen those proceedings because he was never provided notice.[1]  After review, we dismiss Clermont's petition because he raises his *Pereira* claim for the first time in his petition for review, and has not exhausted his administrative remedies.

Before addressing a petitioner's arguments on the merits, we assess our subject-matter jurisdiction *de novo*.  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).  We lack jurisdiction to address an issue not raised before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006).

Clermont raises his *Pereira* claim for the first time in his petition for review in this Court, and thus has not exhausted his administrative remedies with respect to that claim.[2]  *See* 8 U.S.C. § 1252(d)(1) (providing we may review a final order

---

[1]  Generally, a motion to reopen removal proceedings must be filed within 90 days of the entry of the final order of removal.  8 U.S.C. § 1229a(c)(7)(C)(i).  However, a removal order may be rescinded upon a motion to reopen at any time if the alien shows that he did not receive notice.  8 U.S.C. § 1229a(b)(5)(C)(ii).

[2]  Although this Court held in *Perez-Sanchez* it would not dismiss the petitioner's *Pereira*

of removal only if an alien has exhausted all administrative remedies available as a matter of right).  Although Clermont contends he raised a *Pereira*-like argument before the IJ and BIA, his previous notice arguments were different than the one presented here.  *See Indrawati*, 779 F.3d at 1297 (stating to exhaust a claim, a petitioner "must have previously argued the 'core issue now on appeal' before the BIA").  His claims before the BIA and IJ focused on whether (1) he had been constructively provided notice, (2) his failure to appear was excusable, or (3) the equities justified reopening his case.  These are in contrast to Clermont's instant claim that he was entitled to have his deportation proceedings reopened because his 1995 OSC was statutorily deficient under the pre-Illegal Immigration Reform and Immigrant Responsibility Act of 1996 version of the Immigration and Nationality Act since, under the reasoning in *Pereira*, it lacked information regarding the time and place of immigration proceedings.  *Pereira*, 138 S. Ct. at 2113-14, 2116-17 (holding a putative notice to appear that fails to designate the specific time or place of the alien's removal proceedings is not a notice to appear under 8 U.S.C. § 1229(a)(1)(G)(i) for purposes of the stop-time rule because the failure "to specify integral information like the time and place of removal

---

jurisdictional claim due to a petitioner's failure to exhaust that claim, Clermont concedes he raises no such jurisdictional challenge in his petition. *See Perez-Sanchez v. U.S. Att'y Gen.*, __ F.3d __, 2019 WL 3940873 at *3-7 (11th Cir. Aug. 21, 2019).  Instead, Clermont argues only that he was statutorily entitled to have his deportation proceedings reopened because he was never provided the statutorily-required notice due to the defective nature of his OSC.

3

proceedings unquestionably would deprive the notice to appear of its essential character" (brackets and quotation marks omitted)).

More specifically, Clermont argued in his initial motion to reopen that he had not been provided notice because he had been unaware of his duty to update his address with the immigration court and had believed his probation officer would inform him of any correspondence.  On appeal to the BIA, Clermont asserted he had not received any notice of the hearing whatsoever because the state failed to forward him the written notice of the time and place of his deportation proceedings.  Therefore, while he did note in his motion to the IJ and BIA brief that notices of hearing were required to state the time and place of deportation proceedings, he did not argue before the BIA the failure to include that information in his 1995 OSC rendered it statutorily deficient, thereby entitling him to have his removal proceedings reopened.

Clermont nevertheless argues this Court should excuse his failure to raise his *Pereira* claim because that case was decided after he filed his brief with the BIA and only a few weeks before the BIA issued the order dismissing his appeal. However, that argument is unpersuasive because Clermont could have filed a supplemental brief with the BIA following *Pereira*'s issuance or a motion for reconsideration of the BIA's dismissal within 30 days of that order.  8 C.F.R. § 1003.2(b)(2) (providing a petitioner may file a motion to reconsider with the BIA

within 30 days of the mailing of the BIA's decision).  As a result, because the BIA was empowered to consider Clermont's *Pereira* claim, and as he did not present that claim to the BIA, he has not exhausted his administrative remedies as to that claim.  *See Sundar v. I.N.S.*, 328 F.3d 1320, 1325 (11th Cir. 2003) (stating the petitioner should have asked the BIA to reconsider and change its decision in a prior case where it possessed the authority to do so).

Accordingly, we dismiss Clermont's petition.[3]  *See Indrawati*, 779 F.3d at 1297; *Amaya-Artunduaga*, 463 F.3d at 1250-51.

**PETITION DISMISSED.**[4]

---

[3] To the extent Clermont's claim could be construed as a challenge to the BIA's refusal to reopen his proceedings *sua sponte*, this Court lacks jurisdiction to review that claim because Clermont has not alleged the BIA's decision constituted a constitutional violation.  *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018) (stating we generally lack jurisdiction to review the BIA's refusal to reopen proceedings *sua sponte* pursuant to its discretionary authority).

[4] We GRANT IN PART "Petitioner's Motion to Strike Respondent's Rule 28(J) Letter." We STRIKE Footnote One of Respondent's 28(j) letter as exceeding the scope of Federal Rule of Appellate Procedure 28(j) and as constituting an effort to sidestep the requirement that filing a supplemental brief or sur-reply requires the Court's permission.  *See* 11th Cir. R. 27-1(c)(9).